IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LISA BRIDGES MCFARLIN, | )  CIVIL ACTION 4:12-01233-DCN-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  REPORT AND RECOMMENDATION |
| | ) |
| CAROLYN W. COLVIN,[1] ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended,

42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of

Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The only issues before the Court are whether the findings of fact are

supported by substantial evidence and whether proper legal standards have been applied. This case

was referred to the undersigned for a report and recommendation pursuant to Local Rule

73.02(B)(2)(a), (D.S.C.).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February
14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin
should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need
be taken to continue this suit by reason of the last sentence of section 205(g) of the Social
Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Lisa Bridges McFarlin ("Plaintiff" or "claimant") filed an application for DIB and SSI on April 1, 2008, and March 31, 2008, respectively. Plaintiff alleges an inability to work since November 1, 2002. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on May 19, 2010, before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified. The ALJ issued an unfavorable decision on June 23, 2010, finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on May 9, 2012.

## FACTUAL BACKGROUND

The Plaintiff was born on December 18, 1966, and was 35 years of age on the date of her hearing before the ALJ. Plaintiff has a ninth grade education and past relevant work as a certified nursing assistant, poultry cutter, deli worker, and convenience store cashier. Plaintiff alleged that she became unable to work on November 1, 2002, due to being legally blind in her right eye, results of a stroke, hypertension, problems with her legs, diabetes, limited use of her left hand, and depression.

## DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

1.  The issue of the Plaintiff's ability to do substantial work in significant numbers remains undetermined despite the testimony of the vocational expert: the ALJ failed to comply with SSR 00-4p and SSR 96-9p.

-2-

2.    The ALJ failed to properly evaluate the credibility of the Plaintiff.

(Plaintiff's Brief)

In the decision of June 23, 2010, the ALJ found the following:

1.    The claimant meets the insured status requirement of the Social Security Act through June 30, 2017.

2.    The claimant has not engaged in substantial gainful activity since November 1, 2002, the alleged onset date  (20 CFR 404.1520(b), 404.1571 *et. seq.*, 416.920(b) and 416.971 *et. seq.*).

3.    The claimant has the following severe impairments: hypertension; diabetes mellitus; diminished vision; obesity; asthma; left hemiparesis due to stroke (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of he listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work with restrictions that require no lifting, carrying, and/or handling more than 10 pounds occasionally and 1-2 pounds frequently; no prolonged standing and/or walking greater than 2 hours in an 8-hour workday; no exposure to excessive dust, fumes, gases, odors, or other atmospheric irritants or pollutants; no extremes of temperature and humidity; no work at heights or around hazardous machinery; no climbing or balancing; no operation of automotive or automotive-type equipment; no binocular vision or depth perception; and no use of the non-dominant left upper extremity and hand.

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.    The claimant was born on December 28, 1966 and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.    The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

-3-

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11.     The claimant has not been under a disability, as defined in Social Security Act, from November 1, 2002, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 11-17).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

-4-

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing his inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of

-5-

disability by showing she was unable to return to his past relevant work.  Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  Id. at 191.

## ARGUMENTS AND ANALYSIS

Conflict

As previously stated, Plaintiff argues that the vocational expert ("VE") testimony is contradicted by the Dictionary of Occupational Titles (DOT) and the ALJ failed to recognize or resolve the inconsistency. Plaintiff asserts that the VE is required to explain this contradiction under SSR 00-4p. According to Plaintiff, the primary issue in this argument involves "McFarlin's inability to use her left upper extremity or hand and the VE's testimony that she can perform jobs that require bilateral fingering or handling with only one hand." (Plaintiff's brief, p. 19).  Plaintiff asserts that the VE cited to three jobs she could perform based on the ALJ's hypothetical, but that the ALJ identified only one job in his decision, without explanation. Plaintiff asserts that the requirements of the one job the ALJ identified, machine tender, as set forth in DOT number 731.685-014 include frequent handling, occasional fingering, and occasional near acuity which is in direct conflict to the ALJ's hypothetical. Plaintiff argues the VE failed to identify the conflict with the DOT regarding

frequent handling, occasional fingering, and occasional near acuity and failed to provide a basis upon which his testimony was supportable despite the conflict with the DOT.

Plaintiff argues that Social Security Ruling 96-9p required that she be found disabled. The Commissioner disagrees and asserts that the Ruling provides that a limitation in an individual's non-dominant hand would warrant consultation with a VE and the evidence in this case showed Plaintiff had residual weakness, although mild, in her left hand, which was not her dominant hand. Thus, Defendant asserts the ALJ's determination to call and rely on the testimony of a VE, rather than find Plaintiff disabled without VE testimony was a correct decision. However, the Defendant does not address Plaintiff' argument that there is a conflict between the DOT and the VE's testimony with reference to the job of machine tender.

SSR 00-4p states that if there is a conflict between the VE testimony and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying upon the VE evidence to support a decision about whether a claimant is disabled. Specifically, SSR 00-4p reads as follows:

> This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and explain in the determination or decision how any conflict that has been identified was resolved.

(SSR 00-4p).

-7-

In this case, the ALJ relied on the first portion of his first hypothetical and then changed the restrictions as follows:

> If you would, please consider that work background in light of a younger individual with a limited education who has diagnosed impairments of hypertension, diabetes, obesity, asthma, hemiparesis and diminished vision which limit her in the following manner . . .
>
> Next, I would like to change the limitations, take everything I've given you, but change the lifting to ten pounds on an occasional basis and one or two pounds frequently. With the additional restriction and that could be with the dominant right hand only because in this one, I'm changing the manipulative restriction on the non-dominant left hand to no use whatsoever even no assistive use of the non-dominant left upper extremity. I am also adding a postural restriction in that the individual can do no prolonged standing or walking, in aggregate, no more than two hours per day.

(Tr. 54- 55).

The VE cited to the unskilled sedentary work of a surveillance monitor, order clerk, and machine tender[2] with a "representative DOT title 731.685-014." (Tr. 56). The following colloquy took place:

> ALJ:    Now, all of those jobs that you just described, are they performed in the local economy consistent with their DOT description and the way that they're normally performed in the national economy?
>
> VE:     Yes, your honor.

(Tr. 56).

In his decision, the ALJ stated the following with regard to this issue:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be

---

[2] The ALJ did not list the other two jobs cited by the VE of surveillance monitor and order clerk in his decision, without giving any reason. Therefore, only the job listed by the ALJ of machine tender will be addressed in this report and recommendation.

directed by Medical-Vocational Rule 201.25, 201.26. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational based, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as the unskilled sedentary job of machine tender (DOT 731.685-014; 3500 jobs in S.C.; 137,000 jobs in the U.S.). The vocational expert testified that an individual could perform this job using the dominant hand.

Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the dictionary of Occupational Titles.

(Tr. 16-17).

As the ALJ only identified the job of machine tender in his decision, any arguments with regard to the other two jobs cited by the VE will not be addressed. As to the job of machine tender (DOT number of 731.685-014) on which the ALJ relied, the DOT titles this a "Stuffer" with the requirements of frequent handling, occasional fingering, and occasional near acuity. As stated above, the ALJ's hypothetical contained the restriction of "no use whatsoever even no assistive use of the non-dominant left upper extremity." Thus, there appears to be a conflict. The ALJ did not question the VE as to the inconsistencies in this job he cited and the DOT with regard frequent handling, fingering, or of a person with diminished vision.  Therefore, this conflict was not resolved.

Based on the above, the undersigned recommends that this case be remanded for an explanation as to the conflict, and/or finding by the ALJ as to whether the occupation of machine tender (DOT 731.685-014) is in conflict with the testimony of the VE based on the hypothetical on which he relied in his decision. Further, the ALJ should address whether or not the manipulative

restriction he found in the RFC, "no use of the non-dominant left upper extremity and hand," is a significant manipulative limitation so as to erode the unskilled sedentary occupational base. See SSR 96-9p. [3]

Credibility

Plaintiff next asserts that the ALJ failed to properly explain the credibility finding. Specifically, Plaintiff argues that the ALJ listed the facts that are recited in SSR 96-7p but only summarily concluded that the evidence is not consistent with the degree of disabling impairments she alleged without further explanation of why her allegations were not credible. Further, Plaintiff argues that the ALJ should have considered her work history and efforts to return to work in assessing her credibility.

Defendant argues in response that the ALJ's evaluation of the Plaintiff's credibility was proper. Defendant contends the ALJ gave sufficient reasoning in support of his findings and found there was a lack of objective evidence supporting her claims. Defendant asserts the ALJ indicated that he was aware of Plaintiff's work history, discussing her unsuccessful attempts to work after the

---

[3] Under SSR 96-9p it states that:

> Manipulative limitations: Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base.

alleged onset date of disability at an earlier point in the decision. Additionally, Defendant argues that

even if the ALJ should have further discussed Plaintiff's work history, there was no harmful error.

The ALJ must make a credibility determination based upon all the evidence in the record.

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and

adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Hammond

v. Heckler, 765 F.2d 424, 426 (4th Cir.1985).

> It is not sufficient to make a conclusory statement that "the
> individual's allegations have been considered" or that "the allegations
> are (or are not) credible." It is also not enough for the adjudicator
> simply to recite the factors that are described in the regulations for
> evaluating symptoms. The determination or decision must contain
> specific reasons for the finding on credibility, supported by the
> evidence in the case record, and must be sufficiently specific to make
> clear to the individual and to any subsequent reviewers the weight the
> adjudicator gave to the individual's statements and the reasons for
> that weight. This documentation is necessary in order to give the
> individual a full and fair review of his or her claim, and in order to
> ensure a well-reasoned determination or decision.

SSR 96–7p.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical

condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently

supported by substantial evidence.  Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21,

23 (4th Cir. 1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)).  "The

determination or decision must contain specific reasons for the finding on credibility, supported by

the evidence in the case record, and must be sufficiently specific to make clear to the individual and

to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the

reasons for that weight."  SSR 96-7p, 61 Fed. Reg. at 34486. A claimant's allegations about his pain

"need not be accepted to the extent they are inconsistent with the available evidence, including

objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996).

The ALJ discussed Plaintiff's impairments and the medical evidence to support said impairments in discussing her credibility. (Tr. 13-15). The ALJ then made this finding:

> The medical evidence establishes the existence of the medically determinable impairments of hypertension, diabetes mellitus, diminished vision, obesity, asthma, and left hemiparesis due to stroke which are capable of producing some pain and functional limitations upon the claimant. . .
>
> . . .
>
> After careful review of the entire record, I find that the evidence as to the claimant's condition, activities, and capabilities, including her testimony at the hearing as to pain and other subjective symptoms, is not consistent with the degree of disabling impairments she alleged. Although the claimant has impairments that impose some limitations upon her ability to work, the evidence fails to substantiate that her impairments, either singly or in combination, are of the severity as to preclude the performance of all work-related activities.

(Tr. 15).

If the ALJ rejects a claimant's testimony about her pain or physical condition, he is to explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence and to permit the claimant and subsequent reviewers to understand the weight and the reasons for the weight the ALJ gave the subjective claims. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); SSR 96–7p, 61 Fed.Reg. at 34,486. Here, the ALJ determined Plaintiff had medically determinable impairments that could reasonably be expected to cause her alleged symptoms, noted some of the medical evidence, and determined Plaintiff was not credible to the extent she alleged. However, as Plaintiff argues, the ALJ failed to explain how the medical evidence informed his opinion of Plaintiff's credibility. Rather, the ALJ noted some of the medical evidence without

indicating what conclusion he drew from the evidence or even what weight he gave the evidence or what evidence of "activities" on which he relied in reaching his decision. It may well be that substantial evidence exists to support the Commissioner's decision as to the credibility of the Plaintiff in the instant case. The court will not, however, speculate on a barren record devoid of the appropriate administrative analysis. Therefore, the reasoning cited by the ALJ is not supported by substantial evidence. The case should be remanded for a proper analysis of Plaintiff's credibility including explaining and reconsidering all of the objective evidence, if any, that discredits Plaintiff's testimony and symptoms and to discuss the testimony as a whole. Thus, the undersigned recommends that this case be remanded for proper consideration and explanation of findings as to the Plaintiff's subjective complaints considered with the medical evidence. On remand, the Commissioner can address these issues in accordance with Ruling 96-7p and <u>Craig v. Chater</u>, <u>supra</u>.

## <u>CONCLUSION</u>

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

RECOMMENDED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July <u>31</u>, 2013
Florence, South Carolina